MOSES A. MCNAUGHTON v. CHARLES E. MCLEAN ET AL.

*Execution—Time of sale thereunder—Unseasonable hour.*

An execution sale made in the evening, between 9 and 10 o'clock, and after most of the members of an association interested therein had left the place of sale, is void, at least as to persons having knowledge of the facts.

*Mandamus.* Submitted October 31, 1888. Denied January 11, 1889.

Relator applied for *mandamus* to compel respondent, as financial secretary of the Laboring Men's Building & Savings Association, to transfer to relator certain shares of stock in said association bid off by him at an execution sale. The facts are stated in the opinion.

*James W. Blakely,* for relator.
*Dwight D. Root,* for respondents.

SHERWOOD, C. J.   The relator, as executor of the will of Mary R. McNaughton, brought suit before a justice in the city of Jackson by attachment against Charles A. Turner, and recovered a judgment for $239.37, and $5 costs.   Turner had some stock in the above-mentioned building and savings association, and the attachment was served by a levy upon the same, four shares of which were taken upon the execution issued upon the judgment, and sold on March 27, 1888, to McNaughton, the executor, for the sum of $104; it being the amount of money paid on said shares, and interest to the time of sale, less one dollar for transfer fees, charged by the association for entering transfer, when purchases of stock were made by parties not members.

Relator alleges that he has paid or tendered all assessments upon the shares of stock he purchased upon the sale, and has demanded of the association a transfer of the stock to him upon its books after showing to its officers the evidences of his title thereto, and requested the proper certificate showing such transfer, but with such demand and request the association and its officers refuse to comply, and he prays for a *mandamus* requiring them to do so.   ·

Respondents make answer to the petition of relator, and among other things say that the sale under which relator claims to be the owner of said stock was made by

the officer holding the execution in the hall of the association, in the evening, between 9 and 10 o'clock, after a meeting had been held, and after all the members but three had left and gone away; and they aver that such sale was void, and conferred no rights upon the relator respecting the stock. *Carnrick v. Myers*, 14 Barb. 9.

The sale made by an officer under an execution at such an hour, and under such circumstances, was void, at least as to the parties having knowledge of the facts, and in this case they had such knowledge. In New York the statute requires that the sale shall be made between 9 o'clock in the forenoon and the setting of the sun, but, independently of any statute, we think that a public sale of property ordered by court, at such an unseasonable hour, ought not to be sustained. It would subject the debtor's property in a large majority of cases to great sacrifice, and must be held against public policy and void.

The writ will be denied, with costs to respondents.

The other Justices concurred.